# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**LARRY CRAIGMYLE,**

        **Plaintiff,**

v.                                 **Case 2:17-cv-02492**

**U. S. GOVERNMENT,**

        **Defendant.**

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS AND
## PLAINTIFF'S "MOTION FOR FAILING TO RESPOND
## WITHIN THE ALLOCATED TIME"

Before the Court are Defendant's Motion to Dismiss (Docket Entry "D.E." #12) and Plaintiff's "Motion for Failing to Respond within the Allocated Time" (D.E. #14). The instant motions are referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's "Motion for Failing to Respond within the Allocated Time" be DISMISSED AS MOOT.

**I.**     **Introduction**

On July 14, 2017, Plaintiff Larry Craigmyle filed a Complaint with this Court alleging violations of the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(b), §§ 2671-2672.

---

[1] **Error! Main Document Only.** The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

(Compl. ¶ 5). Specifically, Plaintiff alleges that his treating physicians at the Veterans Administration ("VA") failed to prescribe a sleep remedy for his chronic insomnia from February 2, 1997 until April 18, 1999 when he "left the VA . . . for good." (Compl. at 3). Plaintiff alleges that, because his medical provider at the VA did not provide any sleeping medication, he was required to go to a private psychiatrist, Dr. Melvin L. Goldin, who prescribed him Ambien and Restoril for sleep from September 5, 1998 until April 13, 1999. (Compl. at 3-4 & Exh. 1). Plaintiff alleges that, "[i]n late summer, early fall of 2015" he was reviewing his VA and Wal-Mart prescription records when he "discovered" an issue that he had "never noticed before concerning the VA Pharmacy prescriptions and the prescriptions Dr. Goldin had written for [his] sleep problems" ─ namely, that "a sleep medication was medically necessary to treat [his] chronic insomnia" and that he had to go to Dr. Goldin to get the prescriptions. (Compl. at 3).

Defendant alleges that he incurred both the "substantial cost of the office visit" and had to pay the "retail price of the sleep medication" as a result of the VA's failure to prescribe him these medications. (*Id.*) Defendant further alleges that, because the VA failed to prescribe Restoril to treat his chronic insomnia, he lost a lucrative job with American Express earning $300 per hour as a Site Manager and Lead Technical Programmer. (Compl. at 4). Accordingly, Defendant seeks damages in the amount of $27,612,223 as compensatory damages for his lost earnings. (*Id.*)

On September 18, 2017, Defendant filed its Motion to Dismiss alleging that Plaintiff has not properly included a certificate of good faith for his medical malpractice claims, has filed his Complaint well outside the applicable statute of repose, and failed to bring the administrative

complaint underlying this action to the VA within the FTCA's limitations period. (Mot. to Dismiss at 1). On October 12, 2017, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (D.E. #13). Plaintiff's Response asserts that he properly included a certificate of good faith for his medical malpractice claims in the form of a letter from Dr. Goldin (Compl. at Exh. 1), that he is not required to provide a certificate of good faith because his case falls within the common knowledge exception to that requirement, that this Court has not complied with Tennessee Code Annotated § 29-26-122 in developing a certificate of good faith form to effectuate the purposes of that section, and that his claim was not filed beyond the statute of repose because he only discovered it in the late summer or early fall of 2015. (Pl.'s Resp. at 1-4).

On October 12, 2017, Plaintiff filed a "Motion for Failing to Respond within the Allocated Time," which requests that the Court enter a default judgment for the alleged failure of Defendant to timely respond to his Complaint. (D.E. #14). On October 13, 2017, Defendant responded that its Motion to Dismiss was filed within the sixty days required Rule 12(b)(2) of the Federal Rules of Civil Procedure and that Plaintiff's request for a default judgment should be denied.

On January 9, 2018, Plaintiff filed a "Notice of Conversions of the Complaint with Attachments filed on January 14, 2017 and the Reply in Opposition to Defendant's Motion for Dismissal filed on October 12, 2017 to a Motion for Summary Judgment." (D.E. #16). This Notice asserts that this Court must grant summary judgment[2] on his claims because the "State

---

[2] Specifically, Plaintiff "request[s] that the Complaint with Attachments filed on July 14, 2017 and the Reply in Opposition to Defendant's Motion for Dismissal filed on October 12, 2017 be included in this filing by reference and be converted to a motion for summary judgment." (Pl.'s January 9, 2018 Notice at 2). Plaintiff has not filed any motion for summary judgment, and the Court recommends that his request to convert his Complaint and his Response into a motion for

3

and Local Courts . . . failed to provide the Certificate of Good Faith required by [Tennessee Code Annotated] § 29-26-122(5)" and because the Tennessee Court of Appeals "granted an exception to the Statute of Reponse" in *Crespo v. McCullough*, No. M2007-02601-COA-R3-CV, 2008 WL 4767060 (Tenn. Ct. App. Oct. 29, 2008).

## II.     PROPOSED ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

---

summary judgment is not consistent with either the Federal Rules of Civil Procedure or the Local Rules and should be DENIED.  Instead, the Court construes Plaintiff's Notice as a Second Response to Defendant's Motion to Dismiss, which is also not permitted by Local Rule 12.1. Further, the Court recommends that, even if the Notice is considered, it would not affect the Court's analysis in this Report and Recommendation.

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

The Court will first consider whether Plaintiff's claim is permitted by the statute of repose, as the existence of Plaintiff's cause of action is extinguished if his claim is filed beyond the time limit set forth therein. Pursuant to 28 U.S.C. § 1346(b), federal courts have "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*. In Tennessee, the three-year statute of repose set forth in Tennessee Code Annotated § 29-26-116(a)(3) "is a substantive requirement, not just a procedural hurdle," and applies "to suits brought against the United States under the FTCA." *Huddleston v. United States*, 485 Fed. App'x 744, 745-46 (6th Cir. 2012). The three-year statute of repose sets forth that, "[i]n no event shall any [medical malpractice] action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant . . . ." Tenn. Code Ann. § 29-26-116(a)(3).

Here, even construing the Complaint in the light most favorable to Plaintiff, he alleges that the VA's treatment providers failed to prescribe him appropriate medication from 1997 until 1999. His Complaint demonstrates that he was aware of this failure because he sought treatment from a private psychiatrist to obtain medication for his chronic insomnia during 1998 and 1999. Thus, although Plaintiff contends that he "discovered" his claim in 2015 when reviewing pharmacy records, his Complaint makes plain that he in fact knew of his claim in 1998 and 1999 when he took the initiative to seek out different medical treatment for his concerns.

Further, Tennessee's three-year statute of repose begins with "the date on which the negligent act or omission occurred," which at the latest according to Plaintiff's allegations was in 1999 when the VA did not prescribe him insomnia medication on his final visit to them. Plaintiff does not allege any fraudulent concealment on the part of Defendant. Therefore, Plaintiff's claim under the FTCA has been extinguished by Tennessee Code Annotated § 29-26-116(a)(3). Accordingly, it is RECOMMEND that Defendant's Motion to Dismiss be GRANTED. Further, consistent with the recommendation that Defendant's Motion to Dismiss be granted, it is RECOMMENDED that Plaintiff's Motion for Failing to Respond within the Allocated Time" be DISMISSED AS MOOT.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's "Motion for Failing to Respond within the Allocated Time" be DISMISSED AS MOOT.

**DATED** this 16th day of March, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**