# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LARRY CRAIGMYLE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:17-cv-02492-SHL-cgc |
| U.S. GOVERNMENT, | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, filed March 16, 2018, recommending that Defendant's Motion to Dismiss be granted because Plaintiff filed this medical malpractice claim well beyond Tennessee's three year statute of repose. (ECF No. 17.) Additionally, Magistrate Judge Claxton recommended that Plaintiff's Motion for Failing to Respond within the Allocated Time be dismissed as moot. (Id.) For the following reasons, the Reports is **ADOPTED**.

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of

Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).  After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Here, Magistrate Judge Claxton entered her Report on March 16, 2018.  (ECF No. 17.) On April 12, 2018, Plaintiff filed a Notice of Defendant['s] Failure to Oppose Plaintiff's Motion for Summary Judgment, requesting that the Court grant him relief because Defendant had not responded to his Motion for Summary Judgment in ninety-three days.[1]  (ECF No. 18.)  Four days later, Plaintiff filed a Notice of Receiving Court File Late, reporting that he had just received the Report on April 13, 2018, and asking the Court to consider his April 12, 2018 filing.  (ECF No. 19).

In allowing deference to a pro se plaintiff, the Court will consider the April 12, 2018 Notice as Plaintiff's objection to the Report.  However, in the Notice, Plaintiff points to no specific issues, and instead simply states that ninety-three days is more than the Federal Rules of Civil Procedure allow for a party to respond to a motion for summary judgment.  Such a generalized objection is not entitled to *de novo* review.  Therefore, the Court reviews the Report for clear error and finds none.  Magistrate Judge Claxton's Report is **ADOPTED**, and Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED,** this 27th day of April, 2018.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE

---

[1] On January 9, 2018, Plaintiff filed a Notice of Conversions of the Complaint with Attachments filed on January 14, 2017 and the Reply in Opposition to Defendant's Motion for Dismissal filed on October 12, 2017 to a Motion for Summary Judgment.  (ECF No. 16.)